### DESHA, BRADFORD ET AL. vs. SOLOMONS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where a debtor was arrested and held to bail for a debt not yet due, on the plaintiff's oath, that he was about to remove for the purpose of defrauding his creditors; and the affiant states, as the grounds of his belief, that the defendant being largely indebted, gave out that he was going to travel northwardly, while his real intention was to go to Texas: *Held*, that the affidavit was sufficient to maintain the arrest.

No error or informality in the petition, vitiates an arrest, legally made.

This is a case of arrest. The plaintiff, Bradford, made affidavit the 19th June, 1837, that S. P. Solomons & Co. were justly indebted to his firm, in the sum of one thousand seven hundred and twenty-seven dollars and forty-six cents, evidenced by a note dated the 14th February, 1837, payable twelve months after date; " that he verily believes S. P. Solomons, who is now within the jurisdiction of the court, is about to depart from the state, without leaving in it sufficient property to satisfy said demand, and with the intention to defraud his creditors; and that he does not take this oath with the intention of vexing the defendant, but only to secure his demand."

" The circumstances on which he grounds his belief, that the defendant intends to depart from the state, with the view to defraud his creditors, are: that he being largely indebted, has held out the idea that he was going to the North, and had procured letters in that direction, when his real destination was Texas; holding out, thereby, false ideas to his creditors, until he could get without the power of the law."

The petition of the plaintiffs, was filed the next day, setting out their demand on a note not yet due; and alleging that the defendant was arrested and in the custody of the sheriff, but that his person was insufficient security;

wherefore they pray for an attachment; that C. Solomons be made garnishee; and that they have judgment for the amount of said note, interest and costs.

EASTERN DIST.
May, 1838.

DESHA,
BRADFORD ET AL
vs.
SOLOMONS.

A writ of arrest issued against the garnishee, who was returned, not found. A second writ of arrest issued against the defendant on an affidavit, setting out the grounds of arrest and belief of departure, more fully.

On the 26th July, a rule was taken by the defendant's counsel on the plaintiffs, to show cause, on the 1st of August following, why the writ of arrest issued in this case, should not be set aside, on the following grounds:

.. 1st. That the affidavit, on which the writ of the 19th June issued, is insufficient, inasmuch as the circumstances on which the affiant grounds his belief, that said S. P. Solomons intended to defraud his creditors, do not in law or reason justify any such belief or inference.

2d. That the circumstances set forth in the affidavit, as the ground for an arrest, are untrue. ·

3d. That the petition filed, sets out no cause of action.

4th. That the affidavit does not state, that the demand is really due and owing, and is in other respects informal and insufficient.

5th. That the second affidavit and order of arrest were filed and issued by the clerks of this court, without leave of the judge, and that no petition has been filed since the second affidavit.

6th. That the arrest is not warranted by the laws of Alabama, or of this state.

. On the day fixed for trial, "after hearing evidence and the arguments of counsel," the court made the rule absolute, set the order of bail aside, and discharged the defendant from custody. The plaintiffs appealed.

There was no testimony taken down, and the record does not contain any: consequently, only the pleadings, affidavits, and the different orders of arrest were before this court. There was no motion made by the appellee to dismiss the appeal, for want of the evidence on which the case was tried.

EASTERN DIST.
May, 1838.

DESHA,
BRADFORD ET AL
vs.
SOLOMONS.

*Chinn* and *Robinson,* for the plaintiffs.

1. This is an appeal from an order of the inferior court, discharging the defendant from arrest, because of the insufficiency of the affidavit on which he was arrested. A petition was filed setting forth a demand for money not then due, and an affidavit of the plaintiff. The counsel of plaintiff supposing the affidavit might be regarded insufficient, filed with the clerk another, and obtained an order of arrest.

2. The court regarded the first not good, because as a ground of belief that the defendant intended to defraud his creditors, he had given out in speeches an intention to visit the northern cities upon his ordinary business, when, in truth, he was on his way to Texas. This would, to a plain mind untrammelled, or unskilled in the mysteries of practice, seem to constitute reasonable ground for a belief of fraudulent intention.

3. But no objection is taken to the sufficiency of the second affidavit ; that is full enough. But the court refused to consider it, because it was filed without the leave of the judge. If the first was insufficient, the defendant was falsely imprisoned ; but surely that could not protect him from just imprisonment.

4. There is no restriction by law, as to the number of affidavits which a plaintiff may make, in order to procure the arrest of his debtor ; and there is no restriction as to the time which they may be filed. It may be done even pending an appeal ; nor is it necessary in any case, to apply to the judge for leave to file it, or to order an arrest.

5. This is a case in which the inferior court discharged the writ of arrest, upon the sole ground that there was an absence of a sufficient affidavit, when the record shows, there was at the time on file, an affidavit admitted on all hands to be good. Is this right ?

*R. Hunt,* for the defendant.

On the 26th of July, 1837, the petitioners were ordered to show cause, on 1st August, why the writs of arrest issued in this case should not be set aside on the following grounds :

1. That the affidavit of 19th June, 1837, is insufficient, inasmuch, as the circumstances on which affiant grounds his belief, that Solomons intended to defraud his creditors, do not, in law or reason, justify any such belief. It does not follow, that he contemplated a fraud, because he procured letters for the north, when he intended to go to Texas. He might very well have had a two-fold object in view, an object perfectly fair and honorable. The law does not deprive a man of his liberty to go where he pleases, without clear *primâ facie* evidence against him.

2. That the circumstances set forth in the affidavit, as the ground for an arrest, are untrue. The article 221 of the Code of Practice, allows the defendant to disprove the allegations thus set forth. Accordingly, witnesses were examined on the part of the defendant. They proved him a man of spotless integrity, and disproved every allegation made against him.

3. That the petition sets out no ground of action. It shows upon its face, that the sum claimed, was not due at the time the action was commenced. The petition was filed the 20th of June, 1837, the note sued on was not due until the 14th of February 1838 ; the petition contains no clear and direct charge of fraud; it refers to the affidavit of the 19th of June, 1837, but it is in an unskillful and informal manner.

4th. That the second affidavit was filed, and the order of arrest issued by the clerk of the Parish Court, without leave of the judge, and that no petition has been filed since the filing of the second affidavit.

By the article 214 of the Code of Practice, previous to obtaining an order of arrest against his debtor, a creditor *must swear in the petition which he presents* to that effect, &c..

On the 25th of March, 1828, it was enacted, that the affidavit required by article 214, Code of Practice, may be written *either at the foot of the plaintiff's petition* or *annexed to said petition*, (see section 1,) and clerks of courts were authorized to issue orders of arrest, "*provided, the parties applying for the same, comply with the formalities prescribed by law to obtain the said orders.* (See section 18.)

EASTERN DIST.
May, 1838.

DESHA,
BRADFORD ET AL
vs.
SOLOMONS.

Prior to 1828, the affidavit (to obtain an arrest) was always *in* the petition presented to the court, and the invariable practice since that time, has been, wherever a suit was already commenced, and the petitioner during its progress wished to hold the party to bail, to present a supplemental petition to that effect to the court, and to comply with the formalities prescribed in the act of 1828, or article 214 of the Code of Practice. But the attempt in this case, is to file an affidavit without a corresponding petition, and to imprison a man without fully setting forth a cause of action against him. Can this be done? I answer, no: except in cases specially provided for by law.

The 4th section, act of the 25th of March, 1828, authorizes clerks of courts to issue orders of arrest, " *on proper affidavits being presented, without any petition accompanying.*" Perhaps this provision may be justified. I do not approve it: but the law is careful of the rights of a citizen, even while it grants this power of arrest on a mere affidavit: for the very same section of the act provides, " *but the usual petition shall be filed on the day succeeding that on which the process of arrest shall have been issued.*"

It seems to me, therefore, that the appeal must be dismissed. The 4th section, act of 1828, clearly looks only to the case of an affidavit, without a petition; and requires, in order to justify and support the arrest, a petition to be filed on the day subsequent to issuing the order of arrest.

In all other cases a petition must accompany the affidavit.

5. On the trial of the rule in this case, the court after *hearing testimony* and argument, decided that the order of bail should be set aside. Will this court say that the Parish Court was wrong, without examining that testimony? Can it do so? It cannot. And no report of the testimony is found in the record.

This is a case, in which the inferior court discharged the writs of arrest, upon the grounds, that the allegations contained in the affidavits on which those arrests were issued, were untrue, and that none of the formalities prescribed by law were observed. Is not this right? Or is personal liberty of

so little value, that the laws intended to protect it, may be disregarded by a hungry creditor, grasping at his debtor before his demand is really due ?

*Greiner*, on the same side, argued to show, that the note or contract sued on, was made in the state of Alabama, and the case should be governed by the laws of that state.

*Martin J.*, delivered the opinion of the court.

The plaintiffs, on filing an affidavit, that the sum of one thousand seven hundred and twenty-seven dollars and forty-six cents, was due them by the defendants, on a note not yet payable, and that S. P. Solomons, one of them, was about to remove out of the state for the purpose of defrauding his creditors, obtained an order from the clerk for his arrest, upon which he was imprisoned. On the following day they filed their petition. A rule was taken on the plaintiff, to show cause why Solomons should not be discharged, on the ground that the affidavit was insufficient, and that the facts therein stated, were untrue. The plaintiffs then filed another affidavit, whereupon they obtained a second order from the clerk ; and a second rule having been obtained for the plaintiffs, to show cause why the defendant should not be discharged, it was made absolute, and the plaintiffs appealed.

The first affidavit stated, as the ground of the plaintiff's belief of Solomons' intention to defraud his creditors, was :

1st. That the defendant being largely indebted, has given out that he intends travelling northward, and has procured letters accordingly ; while his real intention is, to go to Texas. In the second affidavit, the grounds of the plaintiffs' belief are stated, as in the first ; and farther, that the goods purchased by the defendants from the plaintiffs, were alleged to be bought for their store in Aberdeen, (Mississippi) but were secretly packed up and brought to New-Orleans, and thence taken up the river; that Solomons travelled under a fictitious name.

The discharge was moved for on the ground : 1st, That the facts stated in the first affidavit, do not in law or reason,

Where a debtor was arrested and held to bail, for a debt not yet due, on the plaintiff's oath

justify the plaintiff's belief, or the inference drawn, and are untrue ; that the petition sets out no cause of action ; that the second affidavit was filed, and the order of arrest thereon issued, without the order of the judge ; that the arrest was not authorized by the laws of Alabama where the debt was contracted.

It appears to us, the parish judge erred. The fact, that Solomons gave out that he was going northwardly, while he really intended to remove to Texas, is sworn to, and not disproved. In our opinion, it formed a ground of suspicion, which justified the plaintiff in resorting to legal measures, for the security of his debt'; no error or informality in the petition, vitiates an arrest legally made. As we are of opinion that the first affidavit was sufficient, it is unnecessary to examine the second ; the remedy was properly sought, according to the *lex fori*, without any regard to the *lex loci contractus*.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court, be annulled, avoided and reversed, and that the rule obtained by Solomons against the plaintiffs, be discharged, and that he pay costs in both courts.